Per
Williams,
who delivered the opinion of the Court. If a father at the. time of his daughter’s marriage, puts a negro or other chattel into the possession of the son-in-law, it is in law a gift, unless the contrary can be proven. For otherwise, creditors might be drawn in by false appearances. In this case, it was ruled per curiam, that a man interested in the event of the question on %hich the Defendant’s title hangs, though not in the *3 event of the cause, must be admitted as a witness, tra Reeves and Symonds, and the cases there cited; said, if we begin to exclude from testimony for bias* we shall be without a rudder or a polar star to direct us — for friendship, resentment, religious opinions, sense of honour in different men, &c. are to be considered, in order to find out the bias which will probably be in each witness, and of these the Court cannot know any thing in most instances. It is best, to adhere to the ancient rule that interest shall alone exclude.
Note.-As to the first point, 0vide Carter’s ex’rs v. Rutland, post 97. Parker & wife v. Philips, post 451. The act of 1784 (Rev. c 225, s. 7) makes void parol gifts of slaves ; but in construing the act, the Courts have uniformly decided, that such a gift is good between the parties, and void only as against creditors and purchasers. Knight & wife v. Thomas, post 289. Pearson v. Fisher, 1 Cor. L. Rep 460. Sherman v. Russel ib. 467. M’Ree v. Houston, 3 Murphey 429. Watford v. Pitt, ib 468. (In the two last cases the purchasers had notice of the gift). Lynch’s ex’r v. Ashe, 1 Hawks 338. The act of 1806 f Rev. e. 701, s. 1) provides that no parol gift of slaves shall be good in any case j accordingly it has been held, that a written transfer is necessary in all cases, even as between the parties. Cotten v. Powell, 2 Car. L. Rep. 432. Barrow v. Pender, 3 Murph, 483. The third section of the act of 1806, requires those claiming title under parol gifts, to bring their actions within three years, fkc. which was decided to bar the legal remedy, but to give no title to the possessor. Skinner v. Skinner, 3 Murph. 535. Lynch’s ex’r v. Ashe, 1 Hawks 338. But this is altered by the act of 1820 (Rev. c. 1055). The third section just referred to, provides that children in possession of slaves at the death of their parent under a parol gift, may either retain them as an advancement, or may bring them into hotchpot and claim a distributive share. And the proviso extends to cases thereafter to be made, as well as to those theretofore made. Bull’s adm’r v. Brooks, 3 Murp. 133. Stallings v. Stallings, 1 Dev. Eq. Rep. 298—A reservation of a life-estate in a gift of slaves is void, but if before the act of 1806, such a reservation had been made in a parol gift, and the donor had continued in possession until his death, which was more than three years from the time of the gift, yet the donee would not be barred, as the donor might be considered as holding under his title. Vass & wife & others v. Hicks, 3 Murph. 493.-Since 1806, if a parent puts a slave into the possession of a child, without an express parol gift, this possession is not adverse, and will not divest the title of the parent, or bar his action. But dictum by Haix, Judge, that an express parol gift might be ripened into an indefeasible title by a possession of three years. Justice v. Cobbs & Jeter, 1 Dev. Rep. 493. This dictum of Judge Hall is overruled by the case of Palmer v. Faucet, 2 Dev. Rep. 240.
As to the second point decided in this case, vide Madox v. Hoskins, post 4, contra. Porter v. M’Clure, post 360. Harrison v. Harrison, 2 Hay. 355, &c. Vide also Philips on Evidence, vol. 1, 38. Bul. N. P. 283, and the cases referred to in each of those treatises, which fully support the decision in Farrel v. Perry.